**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**CLAYTON REALTY COMPANY,**
**LLC,**

     **Plaintiff,**

**v.**                                     **Case No: 5:24-cv-319-JSM-PRL**

**KKM DIAGNOSTIC IMAGING**
**GROUP, INC.,**

     **Defendant.**

---

### ORDER

This cause comes before the Court on Plaintiff's Motion for Issuance of Post-Judgment Writ of Garnishment Against KKM Diagnostic Imaging Group, Inc. (Doc. 41). Plaintiff moves for the issuance of a post-judgment writ of continuing garnishment directed at Visionary Oncology of Ocala, LLC, as garnishee. (*Id.* at pp. 1, 3). Upon due consideration, Plaintiff's motion is granted.

### I.    BACKGROUND

On September 18, 2025, the Court entered final judgment in favor of Plaintiff and against Defendant in the amount of $143,669.00. (Doc. 35; *see* Doc. 34). On October 21, 2025, a bill of costs was taxed against Defendant in the amount of $2,191.20. (Doc. 40). Plaintiff contends that Defendant has not satisfied any portion of the judgment, and that it has information to indicate that Visionary Oncology of Ocala, LLC "is in the possession of funds belonging to the [Defendant] which may be applied to the balance owed on the judgment." (Doc. 41 at p. 2). As such, Plaintiff seeks the issuance of a post-judgment writ of continuing garnishment as to Visionary Oncology of Ocala, LLC in the amount of $151,046.65, which

includes the principal amount of $143,669.00, plus post-judgment interest of $5,186.45 and costs of $2,191.20. (*Id*.).

## II.   LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 69, a party may enforce a money judgment by a writ of execution. *See* Fed. R. Civ. P. 69(a)(1). The procedure "must accord with the procedure of the state where the court is located." *See id*. In the state of Florida, a person who has recovered a judgment in any court against any entity has a right to a writ of garnishment. *See* Fla. Stat. § 77.01. Where the judgment debtor's salary or wages are to be garnished to satisfy a judgment, Fla. Stat. § 77.0305 allows the court to issue a continuing writ of garnishment to the judgment debtor's employer. *See* Fla. Stat. § 77.0305; *Commc'ns Ctr., Inc. v. Komatsu*, No. 6:05-cv-1254-ORL-31UAM, 2008 WL 114920, at *1 (M.D. Fla. Jan. 8, 2008). A continuing writ of garnishment provides for "periodic payment of a portion of the salary or wages of the judgment debtor as the salary or wages become due until the judgment is satisfied or until otherwise provided by court order." *See* Fla. Stat. § 77.0305.

Chapter 77 of the Florida Statutes sets forth the procedure for obtaining a writ of garnishment under Florida law. "After judgment has been obtained against [a] defendant but before the writ of garnishment is issued, the plaintiff[] . . . shall file a motion . . . stating the amount of the judgment." Fla. Stat. § 77.03. The proposed writ "shall state the amount named in plaintiff's motion" and "require the garnishee to serve an answer on the plaintiff within 20 days after service of the writ." *See* Fla. Stat. § 77.04. Post-judgment writs of garnishment may be issued *ex parte* and without notice to the judgment debtor. *See United Presidential Life Ins. Co. v. King*, 361 So. 2d 710, 713 (Fla. 1978); *Commc'ns Ctr., Inc. v. Komatsu*, No. 6:05-cv-1254-

ORL-31GJK, 2008 WL 2717669, at *1 (M.D. Fla. June 27, 2008) (citing *Brown v. Liberty Loan Corp. of Duval*, 539 F.2d 1355, 1363 (5th Cir. 1976)).

## III.   DISCUSSION

As Plaintiff has obtained a judgment against Defendant (Doc. 35), Plaintiff has a right to a continuing writ of garnishment. *See* Fla. Stat. § 77.01. Plaintiff's motion states the amount of the judgment (*see* Doc. 41 at p. 2), and Plaintiff attached a proposed writ of garnishment as an exhibit to the motion (*see* Doc. 41-1). The proposed writ states the amount in the motion and directs Visionary Oncology of Ocala, LLC to respond within 20 days. (*See* Doc. 41-1 at pp. 1-2).

## IV.   CONCLUSION

(1) Plaintiff's Motion for Issuance of Post-Judgment Writ of Garnishment Against KKM Diagnostic Imaging Group, Inc. (Doc. 41) is **GRANTED**.

(2) The Clerk of Court is **directed** to issue a continuing writ of garnishment to Visionary Oncology of Ocala, LLC, located at 2518 Burnsed Boulevard, Suite 610, The Villages, Florida 32163. The Clerk shall use the proposed Writ of Garnishment attached to Plaintiff's motion. (Doc. 41-1). The continuing writ of garnishment shall include copies of Plaintiff's motion (Doc. 41) and the judgment (Doc. 35). The Clerk shall also attach to the writ the Notice to Defendant (Doc. 41-2) required by Fla. Stat. § 77.041(1).

(3) Plaintiff is **directed** to comply with Fla. Stat. § 77.041(2).

- 4 -

**DONE** and **ORDERED** in Ocala, Florida on April 2, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 4 -